THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AIRBIQUITY INC., *a Washington corporation*, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>AT&T MOBILITY LLC, *a Delaware limited liability company*; NEW CINGULAR WIRELESS SERVICES, INC., *a Delaware corporation*; and NEW CINGULAR WIRELESS PCS LLC, *a Delaware limited liability company*, <br><br>　　　　　　Defendants. | CIVIL ACTION NO. 2:08-cv-00094-TSZ <br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S CROSS-MOTION TO COMPEL RESPONSES TO DISCOVERY** <br><br>**Cross-Motion Noted for Consideration:** <br><br>**August 8, 2008** <br><br>**ORAL ARGUMENT REQUESTED** |

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES　　　i

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

**Table of Contents**

I.  Introduction ..................................................................................................................... 2

II. Background ..................................................................................................................... 3

    A. The Parties ................................................................................................................. 3

    B. Airbiquity Has Already Provided Defendants With Substantive Information Regarding Airbiquity's Theories of Liability and Damages ...................................... 4

    C. Airbiquity Has Granted Defendants Significant Extensions Of Time To Prepare Defendants' Defenses ................................................................................................ 4

    D. Defendants' Refusal To Respond To Plaintiff's Discovery Requests ....................... 5

III. Argument ......................................................................................................................... 6

    A. The Federal Rules of Civil Procedure Are Not Supplanted By Defendants' Subjective Interpretation Of What Defendants Presume This Court Will Order ...... 7

    B. All of Airbiquity's Discovery Requests Are Relevant ............................................... 8

    C. The AT&T Defendants Refuse To Disclose Any Information About Their Counterclaims ............................................................................................................ 8

    D. Defendants' Reliance On This Court's Scheduling Order In Another Patent Case Does Not Support Defendants' Blanket Refusal To Participate In Discovery ........ 10

        1. Interrogatories .................................................................................................. 12

        2. Document Requests ......................................................................................... 13

    E. Defendants' Cases From Other Jurisdictions Do Not Support Defendants' Blanket Refusal To Participate In Discovery ......................................................................... 14

    F. The AT&T Defendants and/or Their Counsel Should Be Sanctioned ..................... 14

IV. Conclusion ..................................................................................................................... 15

CERTIFICATE OF SERVICE ............................................................................................... 16

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES      ii

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

There is no authority in a patent infringement case, or in any other, for the proposition that one party can unilaterally decide to delay providing discovery until after the other party provides discovery. There is also no authority for the proposition that a plaintiff is entitled to no discovery in a patent infringement case until after the plaintiff serves its infringement contentions. The requirement for filing infringement and invalidity contentions is not one which is supposed to preclude discovery. Indeed, patentees need discovery to determine what claims are infringed, how they are infringed and what products of the defendant should be accused. Airbiquity needs discovery in order to prepare its infringement contentions.

Defendants AT&T Mobility LLC, New Cingular Wireless Services, Inc. and New Cingular Wireless PCS LLC (collectively "the AT&T defendants" or "AT&T") want to preclude Airbiquity from the discovery needed to prepare its infringement contentions. The fact that there is a date for filing infringement contentions in a Scheduling Order does not mean that discovery is precluded before that date, as AT&T suggests. The infringement contentions are simply the first of several documents the parties must prepare on their way to a Markman hearing. AT&T, without any authority, refuses to produce any discovery until 65 days after plaintiff serves its infringement contentions.

The AT&T defendants have effectively bifurcated discovery. Airbiquity opposes bifurcation. But rather than waiting for this Court to decide the issue, and before they even asked the Court to decide this issue, the AT&T defendants simply took matters into their own hands and refused to provide any substantive response to any of Airbiquity's discovery requests. The AT&T lawyers effectively state that they will provide responses, not according to the Federal Rules of Civil Procedure and this Court's Local Rules, but when the AT&T defendants are good and ready to do so. And, AT&T has informed Airbiquity and this Court that they do not want to respond until October 27. The defendants should be sanctioned for this clear discovery abuse.

The AT&T defendants at least provide an argument (albeit an unsupported argument) why they should not have to provide discovery on the infringement issue. They argue that Airbiquity must provide

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES     1

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

its infringement disclosures first. Airbiquity knows of no authority for this proposition. But as to issues in this litigation other than infringement (such as validity, enforceability, and damages), the AT&T defendants tell Airbiquity and the Court that they do not have to provide discovery on these issues either. This blatant discovery abuse is exacerbated by the fact that the issues of invalidity and unenforceability were raised not by Airbiquity but as counterclaims by the AT&T defendants. When the AT&T defendants asserted a counterclaim that all of Airbiquity's asserted patents were invalid and unenforceable, they had to have some basis—under Fed. R. Civ. P. 11—for making those assertions. Yet they refuse to share that information with Airbiquity.[1]

Airbiquity opposes defendants' motion for protective order and cross-moves to compel responses to the discovery properly served upon them. Defendants' motion and concomitant refusal to provide even the most basic discovery is consistent with its ongoing efforts to delay and extend this litigation.

This motion is supported by the concurrently-filed declarations of Paul T. Meiklejohn ("Meiklejohn Decl."), Douglas F. Stewart ("Stewart Decl."), and Alex Baehr ("Baehr Declaration"). A proposed Order is also filed concurrently herewith.

## I. Introduction

AT&T's motion is yet another attempt to delay without even waiting to see if this Court would grant the discovery bifurcation it requests. Airbiquity has complained about this pattern in the past. *Meiklejohn Decl.*, Ex. 1 ("pattern of delay") and Ex. 2 ("history of this case establishes that defendants want to delay it unreasonably"). Under defendants' proposed schedule, no discovery could be had by Airbiquity until October 27, 2008.[2] AT&T's proposal does not differentiate or discriminate between the type of information sought or the format of the discovery request—it is simply a blanket prohibition on

---

[1] There is no dispute that each of Airbiquity's discovery requests seeks information relevant to this litigation. AT&T does not base its motion on lack of relevance.
[2] Defendants' proposed order sets a deadline for defendants to "answer, object or otherwise respond…until sixty-five (65) days after Plaintiff serves its Infringement Contentions…." *See Ct. Dkt.* #34-2. According to defendants' proposed schedule, plaintiff would be required to serve its Infringement Contentions on August 22, 2008. *See Meiklejohn Decl.*, Ex. 3.

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES     2

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

any and all discovery whatsoever by plaintiff until October 27, 2008. This procedure is manifestly unfair and would guarantee an inefficient and delayed resolution of this matter since Airbiquity needs to learn from AT&T all products that infringe before presenting its infringement contentions. Moreover, it seems unfair that the decision on discovery bifurcation would be made by AT&T rather than this Court.

## II. Background

Defendants would have the Court believe that Airbiquity has sought discovery before defendants have had an opportunity to understand the issues in this case, while simultaneously acting unreasonably in refusing defendants' requests for extensions of time to gain an understanding of the substance of the litigation. All of that is simply untrue. Airbiquity has been more than generous in (1) providing defendants many months to review the complaint before responding to it, (2) identifying specific claims that are infringed and providing claim charts, and (3) working with defendants in an effort to avoid full-blown litigation. Thus far, the exchange of information has been a one-way street—AT&T has received significant information about Airbiquity's theories of infringement and damages. But AT&T has provided nothing—not even the basis for its invalidity and unenforceability counterclaims—to Airbiquity. AT&T has refused to provide even the most basic discovery on any topic.

### A. The Parties

Airbiquity is a small, Seattle company incorporated in 1997 to design, develop, manufacture, and sell wireless communications solutions for the delivery of wireless data.[3] Airbiquity has been granted United States Patents in recognition of its innovations. The patents-in-suit cover technology that was ultimately adopted by the 3rd Generation Partnership Project ("3GPP") as the basis for its cellular text telephone modem standard. 3GPP is a collaboration between various telecommunications associations working to establish a standardized mobile phone specification.

The AT&T defendants are subsidiaries of AT&T, Inc., the telecommunications giant which sells mobile phone products and services throughout the United States, some of which use the identical 3GPP

---

[3] *See generally*, www.airbiquity.com.

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES          3

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

standards described above. These products therefore infringe the claims of the Airbiquity patents-in-suit.

Because AT&T admittedly use the 3GPP standard, this case is relatively straightforward. This is not a case where different aspects of different groups of products may or may not be infringing numerous claims of many patents. Instead, there are a handful of claims in the three patents-in-suit which all relate to the same feature of defendants' products which use the 3GPP standard. Discovery in this litigation should be straightforward and without significant problems.

**B. Airbiquity Has Already Provided Defendants With Substantive Information Regarding Airbiquity's Theories of Liability and Damages**

Airbiquity filed this lawsuit on January 18, 2008, but did not formally serve the complaint because it hoped to secure an informal resolution of the case. *Baehr Decl.*, ¶ 2. To that end, on January 22, 2008, Airbiquity sent a courtesy copy of the complaint to AT&T's lawyers. *Id.*, ¶ 3, Ex. 1. The next day, January 23, 2008, Airbiquity's counsel discussed the complaint with AT&T lawyers Glenn Blumstein and Larry Lafarow. *Id.*, ¶ 4. Counsel for Airbiquity discussed generally Airbiquity's theory of infringement. Counsel also discussed certain defenses suggested by Mr. Blumstein. *Id.* To facilitate the parties' discussion, Messrs. Blumstein and Lafarow requested a claim chart which would show AT&T how the AT&T defendants' accused products infringed the claims of the patents-in-suit. *Id.*

Counsel for Airbiquity provided the requested claim chart on January 24. *Id.*, ¶ 5. The content of that claim chart, which has been in the defendants' possession now for almost six months, is the information that defendants now argue they must receive before they will provide any discovery to Airbiquity.

**C. Airbiquity Has Granted Defendants Significant Extensions Of Time To Prepare Defendants' Defenses**

The AT&T defendants also suggest that Airbiquity has not been courteous in granting extensions of time. That suggestion is unfounded. As noted above, Airbiquity did not formally serve the Complaint (and requested the Court to reset the deadlines for the parties' Fed. R. Civ. P. 26(f)

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES                4

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

conference, 26(a) disclosures and submission of the joint status report) in order to accommodate defendants' need to develop their case. *Id.*, ¶ 6. On or about March 18, 2008, counsel for Airbiquity had another conference call with counsel for defendants to discuss the case and the Court dates were extended twice more. *Id.*, ¶ 7-9. From as early as January 24, 2008, defendants were in possession of the Complaint and claim charts with Airbiquity's preliminary infringement contentions.

On May 1, 2008, counsel for the parties had a final conference in which it became clear that an informal resolution to this matter would not be possible at least at this time. *Id.*, ¶ 10. At the conclusion of that conference, counsel for Airbiquity requested that counsel for defendants accept service of process of the complaint pursuant to Fed. R. Civ. P. 4(d). *Id.* Counsel for defendants refused, and Airbiquity formally served the Complaint. *Id.*

On or about May 6, 2008, AT&T's counsel contacted counsel for Airbiquity seeking a stipulation to allow defendants additional time to respond to the Complaint. *Id.*, ¶ 11. Airbiquity declined to stipulate to yet more delay because (1) the Complaint was provided to defendants over five months earlier, (2) additional time would not have been required if counsel for defendants had not refused to accept service of process, and (3) the deadlines for the joint status report, initial disclosures and Fed. R. Civ. P. 26(f) conference were near. *Id.*

In mid-May, AT&T's lawyers contacted counsel for Airbiquity to request yet another extension relating to the deadlines for the joint status report, initial disclosures and 26(f) conference. *Id.*, ¶ 12. Although the initial dates proposed by defendants' counsel were too far in the future, counsel for Airbiquity nevertheless ultimately agreed to an extension to accommodate defendants.

**D. Defendants' Refusal To Respond To Plaintiff's Discovery Requests**

On June 13, 2008, the parties had a conference pursuant to Fed. R. Civ. P. 26(f). The next day, Airbiquity served discovery on defendants as permitted by Fed. R. Civ. P. 26(d). Defendants' lawyers sought to delay responding to Airbiquity's discovery and requested an additional, unspecified extension

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES    5

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

of time to respond. *Meiklejohn Decl.*, ¶ 2. Contrary to defendants' assertions in their motion, Airbiquity sought to cooperate, as is evident by Airbiquity's counsel's correspondence to defendants' counsel:

> I do believe the history of this case establishes that defendants want to delay it unreasonably. That said, I hope I did not give you the impression that Airbiquity would oppose any extension of time you might request. My response was meant to convey our willingness to extend professional courtesies to defendants (which we hope will be reciprocal). And to the extent your request is for a brief extension of time to respond to our discovery requests because of the fact that you cannot complete them by the due date, I have invited you to provide a date when you can respond and I will see if we can agree to it. It is true that we refused your request for an extension to respond to the Complaint, but there comes a point where extension requests are excessive and defendants passed that point and then some with respect to answering the Complaint. We sent the Complaint to defendants on January 22. The Answer to the Complaint was not filed until May 27, 2008, more that four months later.

*Meiklejohn Decl.*, Ex. 2. AT&T's lawyers responded to these discovery requests. Each and every response contained objections and the following boilerplate response: "Subject to and without waiving these objections, <u>Defendant states that it will produce relevant, responsive documents at the appropriate time</u>." *Baehr Decl.*, Exs. 3-5 (emphasis added). The AT&T defendants have cited no case authority supportive of their position. AT&T's lawyers have simply decided that discovery should be bifurcated and that they would refuse to substantively respond to any discovery until October 27 despite the fact that the Court did not order bifurcation..

Airbiquity first learned that defendants intended to file a motion for protective order the same day the motion was filed.

### III.  Argument

Defendants' refusal to produce discovery is contrary to the Federal Rules of Civil Procedure and is unreasonable. This lawsuit involves only three patents with only twenty-three claims *in toto*. More importantly, the claims at issue are directed to a single feature incorporated into products and services sold by defendants. In other words, the infringement issue in this case is discrete and all accused products and services will stand or fall together. AT&T's characterization of this case as one of unmanageable scope requiring significant time and resources to schedule and manage discovery in a

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES           6

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

bifurcated approach is simply wrong. AT&T's unilateral refusal to comply with their discovery obligations has already resulted in unnecessary complications and expense. Defendants' discovery responses constitute a sanctionable discovery abuse.

**A. The Federal Rules of Civil Procedure Are Not Supplanted By Defendants' Subjective Interpretation Of What Defendants Presume This Court Will Order**

Contrary to AT&T's position, no discovery plan need be submitted and no schedule need be approved by the Court before discovery commences. The Federal Rules are clear that discovery may be served once the parties have conferred pursuant to Fed. R. Civ. P. 26(f) and before a proposed discovery plan is submitted to the Court. *Compare* Fed. R. Civ. P. 26(d) with 26(f); *Torgerson v. Arrow Financial Services*, 2007 WL 1941752*4 (N.D. Ill. 2007) ("Although parties may not serve discovery prior to the Rule 26(f) conference, see Fed.R.Civ.P. 26(d), the Federal Rules do not prohibit parties from seeking discovery immediately thereafter or from preparing discovery requests beforehand."). Plaintiff's discovery requests were served after the parties' Rule 26(f) conference. No Order of this Court precludes discovery in this case at any time. Defendants' motion is not, and indeed cannot be, based on any violation of any rule or Order by Airbiquity. In fact, the defendants' assertion that they will respond to discovery only "at the appropriate time" is contrary to both the letter and spirit of the Federal Rules of Civil Procedure.

Defendants allege repeatedly that Airbiquity has violated some unspecified Court Order which, in their view, is at odds with the provisions of the Federal Rules of Civil Procedure. *Motion* at 5 ("contravenes the very purpose of the Court-ordered discovery plan"); 6 ("undermines the very purpose of the Court's required discovery plan"; "Plaintiff ignores this Court's requirement…."; "essentially ignored the Court's order"; "Instead of following the Court's directive…"). In fact, Airbiquity has complied with every Court Order in this case.[4] At no time did this Court direct the parties that discovery

---

[4] Defendants allege (p. 3, fn. 2) that "Because Plaintiff had not yet served defendants and allowed those deadlines [set in Dkt. #7] to pass, the Court extended the deadlines…." At no time were any deadlines "allowed to pass" by plaintiff as defendants state. Plaintiff had not served defendants because the parties were discussing possible settlement. Plaintiff informed the Court that the parties were in

(continued...)

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES    7

should be held in abeyance until after the Court could evaluate each party's proposed discovery plan. At no time did this Court order that discovery should be bifurcated.

Defendants accuse Airbiquity of seeking to "make its own rules." *Motion* at 7. In fact, the opposite is true—AT&T's lawyers are simply ignoring the Federal Rules of Civil Procedure.

**B. All of Airbiquity's Discovery Requests Are Relevant**

All of the interrogatories and document requests served on the AT&T defendants are relevnat to the principal issues in this case—infringement, validity, and damages. See, *e.g.*, the set of discovery requests served on defendant AT&T Mobility. *Baehr Decl.*, Exs. 3 & 6. These discovery requests are relevant at least to infringement (Int. Nos. 1, 4, 6, 7, 9; Document Request Nos. 1, 4-8, 13, 17, 19, 34, 35[A], 36, 39, 40, 45, 52, 53); validity (Int. Nos. 2-4, 6; Document Request Nos. 1, 7, 8, 12, 13, 15, 16, 23, 24, 36-40, 46); and/or damages (Int. Nos. 4-10; Document Request Nos. 1-3, 9, 10, 11, 13, 14, 18, 20-22, 25-33, 35, 40-44, 47-51). *Id.* The discovery requests to the other defendants are similar. *Baehr Decl.*, Exs. 4, 5, 7, & 8. The AT&T defendants do not appear to contest relevance of these discovery requests, at least in their motion for protective order. Defendants should be compelled to answer the Interrogatories and produce the requested documents.

**C. The AT&T Defendants Refuse To Disclose Any Information About Their Counterclaims**

The AT&T defendants counterclaimed in this case. They asserted that each and every claim of the three asserted patents is invalid under 35 U.S.C. §§ 101, 102 (anticipated by the prior art), 103 (obvious over the prior art), and/or 112 (defective specification). *See Ct. Dkt.* #26, ¶¶ 46-50, 57-61, and 68-72. Fed. R. Civ. P. 11 requires that, before that document was signed, filed with the Court, and served on Plaintiff, the AT&T defendants had to establish the existence of legal and factual bases supporting the assertion of those counterclaims.

---

(...continued)
settlement talks and requested extensions of deadlines three times. *See* entries on docket dated February 4, 2008, March 21, 2008, and April 18, 2008. Defendants' attempts to imply some misconduct or lack of diligence by plaintiff is disingenuous.

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES          8

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

Yet now, when presented with a request for the facts supportive of invalidity and unenforceability, AT&T's lawyers contend that they cannot formulate a response without first receiving plaintiff's infringement contentions. They did not seem to need those infringement contentions before filing their counterclaims.

Defendants' refusal to produce any information or documents is especially disingenuous in light of its own initial disclosures, served on July 16, 2008, wherein defendants state:

> "Defendants identify the following documents by category and location:
>
> 1. Documents describing the operation of cellular telephones that incorporate and employ technology in conformity with the 3GPP cellular text telephone modem standard are in the offices of Defendants or other entities that are direct or indirect subsidiaries of AT&T Inc.
>
> 2. Documents pertaining to sales and marketing of cellular telephones that incorporate and employ technology in conformity with the 3GPP cellular text telephone modem standard are in the offices of Defendants or other entities that are direct or indirect subsidiaries of AT&T Inc.
>
> 3. Documents comprising prior art to the asserted patents are in the possession of Baker Botts L.L.P., Defendants, or other entities that are direct or indirect subsidiaries of AT&T Inc."

*Meiklejohn Decl.*, Ex. 4. By defendants' admission, they have documents which are responsive to the majority, if not all, of Airbiquity's discovery requests. In the case of category (3) for example, those documents include the prior art that defendants' counsel presumably relied upon in deciding to seek a declaratory judgment of invalidity of all of the claims in the patents-in-suit, not just the claims which Airbiquity ultimately alleges are infringed. Airbiquity sought in its discovery requests the very documents that AT&T identified in its Initial Disclosures:

**REQUEST FOR PRODUCTION NO. 1**:

> All documents and things disclosed, or referred to, in defendants' Fed. R. Civ. P. 26(a) initial disclosures.

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES            9

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

*Baehr Decl.*, Exs. 3, 4, &5.  AT&T's response is indicative of its arrogance: "Subject to and without waiving these objections, Defendant states that it will provide relevant, responsive documents <u>at the appropriate time</u>." *Id.* (emphasis added).  Presumably AT&T decides when the time is appropriate.

Since the AT&T defendants filed a counterclaim for invalidity of the patents-in-suit over the prior art, Airbiquity also tried to obtain copies of that prior art by the following request:

> **<u>REQUEST FOR PRODUCTION NO. 15</u>**:
>
> All documents and things supporting AT&T's contentions of invalidity of the patents-in-suit.

*Baehr Decl.*, Exs. 3, 4, & 5.  The AT&T defendants had the same response.  *Id.*  Airbiquity will get this prior art only when AT&T decides it is "appropriate" to provide it.

In summary, defendants (1) allege that all of the claims of the patents-in-suit are invalid, (2) admit they have possession of the prior art references supporting those invalidity claims, but (3) refuse to provide those documents in response to discovery requests.

**D. Defendants' Reliance On This Court's Scheduling Order In Another Patent Case Does Not Support Defendants' Blanket Refusal To Participate In Discovery**

Defendants' excuse for refusing to comply with its discovery obligations is that discovery is "frequently sequenced."  *Motion* at 6.  Never mind the fact that this Court has not bifurcated discovery in this case.  AT&T cites to cases from other jurisdictions, as well as this Court's own Order in *Great Neck Saw Manufacturers, Inc. v. Star Asia USA, LLC*, Case No. C06-647Z.  *Motion* at 7.  In *Great Neck*, this Court used an Order very similar, if not identical to, the scheduling orders used by most judges in the Western District of Washington.  That order and other scheduling orders from this Court does not bifurcate discovery.  It does not delay discovery.  Nor does it require that one party take discovery before another party does.  In fact, such a procedure would make no sense.  This Court's scheduling order relates solely to infringement and validity "contentions" filed as a first step in a procedure leading to a Markman hearing.  Before the parties file these contentions, they almost always

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES   10

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
(206) 903-8800

need, and seek, discovery from the other party. The discovery is needed in order to <u>formulate</u> these infringement and validity contentions.

Many times, for example, a patentee-plaintiff may know of a single product that infringes its patent. But discovery from the defendant might reveal that there are one or more other products that also infringe but which plaintiff was unaware of before serving discovery. Plaintiff needs discovery in order to prepare its infringement contentions since the contentions must contain a list of the accused products. Moreover, a plaintiff-patentee might believe there is clear infringement of its patents but prior to serving its Markman infringement contentions, it learns through discovery about the defendant's non-infringement defense. Plaintiff may learn something from defendants that will cause it to change the infringement contentions that it would otherwise make.

AT&T wants Airbiquity to have to present its formal Markman infringement contentions blindfolded—*i.e.*, without having any infringement information from the AT&T defendants. While all infringers would undoubtedly embrace this procedure, it is not supported under the Federal Rules of Civil Procedure or any rule or Order of this Court.

Nowhere in the *Great Neck* Order does the Court preclude one party or the other from obtaining discovery. And in the *Great Neck* case, the parties engaged in discovery prior to service of the infringement contentions. *Stewart Decl.*, ¶ 2. That Order simply requires that plaintiff provide its infringement contentions preparatory to a Markman hearing before the defendant provides its invalidity contentions. AT&T tries to justify the unjustifiable position that AT&T needs Airbiquity's infringement positions so that it can determine what claims it will seek to invalidate. *Motion* at 8 ("Plaintiff's infringement contentions are necessary for Defendants to determine the claims at issue."). But AT&T has alleged in its counterclaims that <u>every</u> claim of each of Airbiquity's patents is invalid and unenforceable.

There is no magic to the order of infringement and validity contentions. The Court in *Great Neck* could just as easily have required the defendant to provide its invalidity contentions first. In the

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES — 11

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

instant case, the AT&T defendants are not limiting their contention of invalidity and unenforceability to only those claims of the Airbiquity patents that Airbiquity contends are infringed. Rather, the AT&T defendants are alleging that each and every claim of each Airbiquity patent is invalid and unenforceable. *Ct. Dtk.* 26 (For example, "The '669 Patent, and each claim thereof, is invalid and unenforceable….").

The deadlines set forth in the *Great Neck* Order and other scheduling orders of this Court do not limit discovery. They simply relate to the first of several steps en route to a Markman hearing. Nowhere in the *Great Neck* Order did the Court state or otherwise imply that all other discovery was subordinate to, or dependent upon, the Markman filings. Thus, assuming the Court were to issue the identical Order in this case, defendants must still answer Airbiquity's discovery requests now. The following is a brief description of the discovery requests in this case:

**1. Interrogatories**

Airbiquity served each of the three defendants with ten (10) interrogatories. Only one of those ten interrogatories deals with defendants' non-infringement defenses and non-infringement counterclaims, yet defendants refused to answer any of the interrogatories on the basis that Airbiquity has not served infringement contentions pursuant to a non-existent scheduling order requiring it to do so. In essence, defendants have decided that the Court will agree to bifurcate discovery as proposed by defendants and that the Court will therefore refuse Airbiquity the opportunity to take any discovery on any topic before October 27, 2008.

Interrogatory No. 2 is not directed to the issue of infringement. It is directed to defendants' invalidity position which, as set forth above, takes the form of counterclaims seeking to invalidate all of the claims of all of Airbiquity's patents, not just those which Airbiquity alleges are infringed. The information Airbiquity seeks via Interrogatory No. 3 relates to other affirmative defenses asserted by defendants—which cannot even arguably relate to infringement contentions. Similarly, Interrogatory No. 4 relates to defendants' witnesses; Interrogatory No. 5 relates to sales information for a defined group of products (those complying with the 3GPP standard discussed above); Interrogatory No. 6

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES                12

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

relates to opinions of counsel that defendants might rely on to rebut willfulness; Interrogatory No. 7 relates to corporate decision-making and policies; Interrogatory No. 8 relates to financial and production data for a defined group of products; Interrogatory No. 9 relates to corporate knowledge of the 3GPP standard; and Interrogatory No. 10 relates to marketing information. *See Baehr Decl.*, Exs. 6-8.

None of those interrogatories would be implicated or affected if the Court were to bifurcate discovery such that infringement discovery goes first. (Airbiquity strongly opposes such bifurcation for a number of reasons, including the fact that there will be numerous arguments as to what evidence relates to infringement and what evidence does not so relate). Defendants have no good faith basis for refusing to provide Airbiquity with discovery at this stage of the litigation and the Court should order defendants to produce responses immediately.

**2. Document Requests**

Defendants have admitted in their initial disclosures that they have documents which are responsive to many of Airbiquity's document requests, yet have refused to produce them. Although too numerous to recite individually here, many of the outstanding document requests have no relationship to the preliminary infringement contentions that AT&T wants Airbiquity to provide prior to providing discovery to Airbiquity. They include, for example, marketing information (Request Nos. 2, 3, 9, 17, 25, 31, 32 & 47); financial documents (Request Nos. 10, 26, 27, 28, 49 & 51); corporate documents (Request Nos. 14, 29, 30, 41 & 42); product information (Request No. 20); and technical documents (Request Nos. 33 & 52). Discovery of this type is not affected by the bifurcated discovery approach that defendants argue should be adopted. Yet the AT&T defendants claim that their bifurcation request justifies their refusal to produce any discovery whatever.

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES          13

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

### E. Defendants' Cases From Other Jurisdictions Do Not Support Defendants' Blanket Refusal To Participate In Discovery

None of the cases cited by the AT&T defendants stand for the proposition that there should be no discovery prior to the filing of the infringement contentions. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005), for example, involves not discovery prior to the filing of the infringement contentions, but the sufficiency of the infringement contentions themselves. *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, 2007 WL 2580969 (E.D. Tex. 2007) relates not to the discovery which is needed to prepare the infringement contentions, but to the fact that discovery can be limited <u>after</u> the infringement contentions are served. Similarly neither *Network Caching Tech., LLC v. Novell, Inc.*, 2003 WL 21699799 (N.D. Cal. 2003) nor *Samsung SDI Co., Ltd. v. Matsushita Electric Industrial Co., Ltd.*, 2007 WL 4302701 (C.D. Cal. June 27, 2007) relates to the question presented here—whether discovery is permitted <u>before</u> the infringement contentions are filed. Finally, in *Great Neck*, the parties engaged in discovery before the infringement contentions were served. *Stewart Decl.*, ¶ 2.

In summary, the AT&T defendants have not cited a single case to support the proposition that it can refuse to provide discovery until 65 days <u>after</u> Airbiquity serves its infringement contentions. The only case relevant to this issue is *Great Neck*—and that case, as well as the Federal Rules of Civil Procedure, support Airbiquity.

### F. The AT&T Defendants and/or Their Counsel Should Be Sanctioned

Airbiquity should not have to file a motion to compel with respect to each and every discovery request it propounded. The AT&T defendants should not be permitted to unilaterally decide that discovery is bifurcated. That is the Court's job. The AT&T defendants' refusal to provide any substantive response to any of Airbiquity's interrogatories and document requests is a sanctionable abuse of discovery. Airbiquity respectfully requests the imposition of sanctions on the AT&T defendants and/or their counsel, awarding Airbiquity the fees incurred in opposing defendants' motion for protective order and for filing and prosecuting this motion to compel.

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES                14

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

### IV. Conclusion

For the reasons set forth herein, Airbiquity respectfully requests that the Court deny defendants' motion for a protective order, grant Airbiquity's motion to compel responses to the outstanding discovery and sanction the AT&T defendants and/or their counsel as set out above

DATED this 22nd day of July, 2008.

Respectfully submitted,

DORSEY & WHITNEY LLP

/s/ Paul T. Meiklejohn
Paul T. Meiklejohn, WSBA No. 17477
Alexander A. Baehr, WSBA No. 25320
Douglas F. Stewart, WSBA No. 34068
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: (206) 903-8800
Facsimile: (206) 903-8820

Attorneys for Plaintiff Airbiquity Inc.

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES       15

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

# CERTIFICATE OF SERVICE

I, Paul T. Meiklejohn, certify that on July 22, 2008, the foregoing *PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S CROSS-MOTION TO COMPEL RESPONSES TO DISCOVERY*, and concurrently filed the *DECLARATIONS OF PAUL T. MEIKLEJOHN, ALEXANDER A. BAEHR, AND DOUGLAS F. STEWART*, and *[PROPOSED] ORDER GRANTING AIRBIQUITY'S CROSS-MOTION TO COMPEL AND DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER* in support of same were electronically filed with the Clerk of the Court using the CM/ECF system and thereby served said documents on counsel for Defendants AT&T MOBILITY LLC, NEW CINGULAR WIRELESS SERVICES, INC., and NEW CINGULAR WIRELESS PCS LLC via ECF-generated e-mail and notification.

DATED this 22d day of July 2008.

/s/ Paul T. Meiklejohn
Paul T. Meiklejohn

OPP'N TO DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL DISCOVERY RESPONSES           16

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800