THE HONORABLE THOMAS S. ZILLY

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8

9    AIRBIQUITY INC.,                              )
     *a Washington corporation*,                   )
10                                                 )
                                                   )
11                   Plaintiff,                    )   CIVIL ACTION NO. 2:08-cv-00094-TSZ
                                                   )
12           v.                                    )   PLAINTIFF'S MOTION FOR PARTIAL
                                                   )   SUMMARY JUDGMENT TO DISMISS
13                                                 )   DEFENDANTS' AFFIRMATIVE
     AT&T MOBILITY LLC, *a Delaware limited liability*  )   DEFENSE OF GOVERNMENTAL
14   *company*; NEW CINGULAR WIRELESS              )   IMMUNITY UNDER 28 U.S.C.
     SERVICES, INC., *a Delaware corporation*; and )   § 1498(a)
15   NEW CINGULAR WIRELESS PCS LLC, *a*            )
     *Delaware limited liability company*,         )
16                                                 )   NOTE ON MOTION CALENDAR:
                                                   )   November 21, 2008
17                                                 )
                     Defendants.                   )
18                                                 )   ORAL ARGUMENT REQUESTED
                                                   )
19

20

21

22

23

24

25

26
     PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
     TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF                    **DORSEY & WHITNEY LLP**
     GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a)                  U.S. BANK CITY CENTRE BUILDING
                                                                     1420 FIFTH AVENUE, SUITE 3400
                                                                     SEATTLE, WASHINGTON 98101
                                                                     (206) 903-8800

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ...............................................................................................1

II.   FACTS .............................................................................................................1

    A.    Applicable Government Regulation:  47 C.F.R. § 20.18(c). ................................1

    B.    Defendants' Infringement of the Airbiquity Patents..........................................2

    C.    Defendants' Governmental Immunity Defense:  28 U.S.C. § 1498(a). ...............2

        1.    Defendants' Answer to the Complaint.........................................................2

        2.    Defendants' Answer to Airbiquity's Interrogatory.......................................3

III.  AUTHORITY AND ARGUMENT.......................................................................3

    A.    The Standard for Summary Judgment in Patent Cases........................................3

    B.    Purpose of 28 U.S.C. § 1498(a) .........................................................................4

    C.    Defendants Cannot Meet Their Burden Under 28 U.S.C. § 1498(a)....................5

        1.    Defendants' Infringement of the Airbiquity Patents was not "by . . . the
             United States" ...........................................................................................6

        2.    Defendants' Infringement of the Airbiquity Patents was not "for the United
             States". ....................................................................................................6

            a.    Defendants Have no Evidence That Their Wireless Devices Were
                Offered for Sale or Sold "for the Government"...........................................6

                (1)    Defendants Have no Evidence of a Contractual Relationship
                     Between Themselves and the Government.....................................6

                (2)    Defendants Have no Evidence That the Government
                     Benefited Directly From Their Marketing and Sales of
                     Infringing Wireless Devices. ......................................................7

            b.    Defendants Have no Evidence That the Government Authorized or
                 Consented to Their Infringement of the Airbiquity Patents.........................9

                (1)    Defendants Have no Evidence That the Government
                     Explicitly Agreed to Accept Liability for Their Infringement
                     of the Airbiquity Patents. ...........................................................9

                (2)    Defendants Have no Evidence that the Government
                     Implicitly Authorized or Consented to Their Infringement of
                     the Airbiquity Patents. .............................................................11

IV.   CONCLUSION.................................................................................................12

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - i

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis,*
2007 WL 3352365 (E.D. Mo. 2007)..............................................................................3

*Auerbach v. Sverdrup Corp.,*
829 F.2d 175 (D.C. Cir. 1987).......................................................................................9

*Avia Group Int'l, Inc. v. L.A. Gear California, Inc.,*
853 F.2d 1557 (Fed. Cir. 1988).....................................................................................4

*Carrier Corp. v. United States,*
534 F.2d 244 (Ct. Cl. 1976).........................................................................................10

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986).......................................................................................................4

*Consolidated Vacuum Corp. v. Machine Dynamics, Inc.,*
230 F. Supp. 70 (S.D. Cal. 1964)................................................................................11

*Decca Ltd. v. United States,*
544 F.2d 1070 (Ct. Cl. 1976).........................................................................................5

*Great Plains Bag Corp. v. St. Regis Paper Co.,*
188 U.S.P.Q. 561 (S.D. Iowa 1975)........................................................................9, 10

*Larson v. United States,*
26 Cl. Ct. 365 (1992) ...........................................................................................passim

*Leesona Corp. v. United States,*
599 F.2d 958 (Ct. Cl. 1979)...........................................................................................5

*Madey v. Duke University,*
307 F.3d 1351 (Fed. Cir. 2002).....................................................................................4

*Richmond Screw Anchor Co. v. United States,*
275 U.S. 331 (1928).......................................................................................................4

*Riles v. Amerada Hess Corp.,*
999 F. Supp. 938 (S.D. Tex. 1998) ...............................................................................7

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - ii

*Sevenson Envt'l. Services, Inc. v. Shaw Envt'l., Inc.,*
477 F.3d 1361 (Fed. Cir. 2007)..............................................................................6

*Shamrock Tech., Inc. v. Medical Sterilization Inc.,*
903 F.2d 789 (Fed. Cir. 1990)................................................................................4

*Toxgon Corp. v. BNFL, Inc.,*
312 F.3d 1379 (Fed. Cir. 2002)..............................................................................4

*Trojan, Inc. v. Shat-R-Shield,*
885 F.2d 854 (Fed. Cir. 1989)................................................................................5

*TVI Energy Corp. v. Blane,*
806 F.2d 1057 (Fed. Cir. 1986)..............................................................................4

*W.L. Gore & Assoc., Inc. v. Garlock, Inc.,*
842 F.2d 1275 (Fed. Cir. 1988)..............................................................................5

*Windsurfing Int'l, Inc. v. Ostermann,*
534 F.Supp. 581 (S.D.N.Y. 1982) ...........................................................5, 7, 8, 11

**STATUTES AND REGULATIONS**

28 U.S.C. 1498(a) ..................................................................................... passim

47 CFR § 20.18(c)..................................................................................... passim

FED. R. CIV. P. 56(c) ...................................................................................4

**OTHER AUTHORITIES**

5 Donald S. Chisum, *Chisum on Patents*, § 16.06[3][c] (2005) .....................................6

H.R. 10858, 65th Cong., 2d Sess., 36 Cong. Rec. 7961 (1918).......................................4

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - iii

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

# I.    INTRODUCTION

Plaintiff Airbiquity Inc. ("Airbiquity") respectfully moves this Court for on order granting partial summary judgment on defendants AT&T Mobility LLC, New Cingular Wireless Services, Inc. and New Cingular Wireless PCS LLC's ("defendants") second affirmative defense of "Governmental immunity" pursuant to 28 U.S.C. § 1498(a).[1]  Defendants have no evidence that their infringing activities were "by or for the United States" or "with the authorization or consent of the Government," which are prerequisites to establishing governmental immunity under 28 U.S.C. § 1498(a).  They also have no evidence supportive of a governmental immunity defense on any other basis.

# II.    FACTS

## A.    Applicable Government Regulation:  47 C.F.R. § 20.18(c).

In late 1997, the Federal Communications Commission ("FCC") promulgated 47 C.F.R. § 20.18(c), which required that all covered wireless carriers be capable of transmitting 911 calls from individuals with speech or hearing disabilities through means other than mobile radio handsets, for example, through the use of  Text Telephone Devices ("TTY").[2]  A TTY device enables one with hearing or speech difficulties to contact emergency personnel by transmitting text, as opposed to speaking and/or hearing, over a telephone line.  Cellular telephones and BlackBerry devices are examples of devices that may be equipped to use TTY technology, and the methods and apparatus claimed in the Airbiquity patents disclose one implementation of TTY technology.

---

[1] In its Answer and Counterclaims to Airbiquity's Complaint, defendants' second affirmative defense states that "Defendants' activities accused of infringement have at all relevant times been by or for the United States and with the authorization or consent of the Government.  Defendants' activities are therefore entitled to governmental immunity, including but not limited to under 28 U.S.C. 1498(a).  To the extent Plaintiff is entitled to any remedy, which Defendants deny, that remedy is by action against the United States rather than against Defendants." *Ct. Dkt.* #26, ¶ 23.

[2] Specifically, 47 C.F.R. § 20.18(c) states that "CMRS providers subject to this section must be capable of transmitting 911 calls from individuals with speech or hearing disabilities through means other than mobile radio headsets, *e.g.*, through the use of Text Telephone Devices (TTY)."

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 1

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

**B.    Defendants' Infringement of the Airbiquity Patents.**

Defendants are private entities that operate wireless communications networks, and sell mobile wireless devices, cellular service, and related products and technologies.    The Third Generation Partnership Project ("3GPP") is a collaboration between various telecommunications associations and industry representatives, including defendants, working together to establish standardized mobile telephone specifications.[3]    To comply with 47 C.F.R. § 20.18(c), 3GPP developed a technical specification, entitled *Cellular text telephone modem; General description* (Release 6) ("Technical Specification").    *See* Declaration of Alexander A. Baehr, Exhibit A.    The Technical Specification provides one of the possible technological means for carriers to comply with Section 20.18(c).

The claims of the Airbiquity patents read squarely on cell phones which use the Technical Specification.    The AT&T defendants have implemented the technology described in the Technical Specification for use in wireless devices that they import into the United States, offer and/or sell for use on their wireless networks.    Accordingly, defendants have infringed, and currently are infringing, certain claims of the Airbiquity patents.

**C.    Defendants' Governmental Immunity Defense:  28 U.S.C. § 1498(a).**

**1.    Defendants' Answer to the Complaint**

On January 18, 2008, Airbiquity commenced the above-captioned patent infringement suit against defendants, seeking a permanent injunction and damages sufficient to compensate it for defendants' infringement.    In their answer to Airbiquity's complaint, defendants asserted as an affirmative defense that they are entitled to governmental immunity pursuant to 28 U.S.C. § 1498(a).    Under Section 1498(a), a government contractor providing goods or services to the United States is not liable for patent infringement under certain circumstances, and the patent owner's sole remedy is against the United States.    Defendants have no evidence to satisfy the factual predicates for governmental immunity under

---

[3] *See generally* http://www.3gpp.org/About/about.htm

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 2

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

Section 1498(a). Consequently, Airbiquity is entitled to a judgment in its favor on defendants' Section 1498(a) defense as a matter of law.

### 2.    Defendants' Answer to Airbiquity's Interrogatory

On June 16, 2008, Airbiquity served a set of Interrogatories on the defendants. Interrogatory No. 3 asked each defendant to "[d]escribe with particularity the complete factual basis for AT&T's affirmative defenses." *See* Baehr Decl., Ex. B at 7. On July 16, 2008, each defendant responded to Interrogatory No. 3 by setting out numerous objections and by moving for a Protective Order asking the Court to sanction its objection that Airbiquity's Interrogatory was "premature." Ct. Dkt. #34. On August 27, 2008, this Court denied defendants' motion for protective order and ruled that "Any pending discovery requested by Plaintiffs shall be responded to by Defendants within 20 days of this Minute Order." Ct. Dkt. #50.

On September 16, 2008, defendants presented an amended response to Interrogatory 3 which contained several pages of objections. As to the governmental immunity defense, defendants simply 1) repeated the conclusion set out in their answer that "[d]efendant's activities accused of infringement have at all relevant times been by or for the United States and with the authorization or consent of the Government," and 2) quoted from various statutes. None of the defendants presented any fact which would support the governmental immunity defense. Since defendants have refused twice to provide such facts, they should not be permitted to present them for the first time in response to this summary judgment motion. Defendants have no evidence supportive of a governmental immunity defense.

### III.    AUTHORITY AND ARGUMENT

#### A.    The Standard for Summary Judgment in Patent Cases

Defendants' governmental immunity defense may properly be resolved in a motion for summary judgment. *Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis*, 2007 WL 3352365, *3 (E.D. Mo. 2007) ("a defense arising under § 1498(a) should be resolved by summary judgment under

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 3

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

1    Rule 56 rather than a motion to dismiss under Rule 12") (citing *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d

2    1379, 1382 (Fed. Cir. 2002)). "[S]ummary judgment is as appropriate in a patent case as in any other."

3    *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988); *see also*

4    *Shamrock Tech., Inc. v. Medical Sterilization Inc.*, 903 F.2d 789, 791-96 (Fed. Cir. 1990).  The Court

5    should grant a summary judgment motion when there is no genuine issue of material fact and the moving

6    party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c).  The party moving for summary

7    judgment bears the initial burden of informing the Court of the basis for its motion, and identifying the

8    portions of the record that support the motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

9    Once the moving party has established a *prima facie* case that it is entitled to summary judgment, the

10   burden shifts to the non-moving party to demonstrate the existence of a material fact in dispute.  *Id.* at

11   322; *see* FED. R. CIV. P. 56(e).

12   **B.    Purpose of 28 U.S.C. § 1498(a)**

13        Congress amended 28 U.S.C. § 1498(a) in 1918 to provide governmental immunity for private

14   governmental contractors at the behest of the Secretary of the Navy because the United States was having

15   difficulty procuring military goods from the private sector.  *Id.*;  H.R. 10858, 65th Cong., 2d Sess., 36

16   Cong. Rec. 7961 (1918);  *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 342-45 (1928).

17   The policy behind 28 U.S.C. § 1498(a) is to relieve private government contractors from expensive

18   litigation with patentees, possible injunctions, payment of royalties, and punitive damages.  *TVI Energy*

19   *Corp. v. Blane*, 806 F.2d 1057, 1059-60 (Fed. Cir. 1986).[4]  The statute limits a patentee's remedy for

20   patent infringement (1) *by* the United States, or (2) by a government contractor, subcontractor, or other

21   entity acting *for* the United States with the government's authorization and consent.  In both cases, the

22   patentee must file an action against the United States, not the government contractor:

23

24   [4] Section 1498(a) applies exclusively to patents.  Accordingly, Federal Circuit law provides the applicable
     interpretation.  *Madey v. Duke University*, 307 F.3d 1351, 1359 (Fed. Cir. 2002).  Although it is arguable

25   that Section 1498(a) is procedural, it is nevertheless unique to patent law, and therefore its interpretation is
     governed by the law of the Federal Circuit.  *Id.* at 1360.

26   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
     TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
     GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 4

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

> Whenever an invention described in and covered by a patent of the United States is used or manufactured <u>by or for</u> the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.
>
> [. . . .]
>
> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

(emphasis added). Thus, the patentee takes its patent from the United States subject to the government's eminent domain right to obtain what it needs from manufacturers and to use the same. *Trojan, Inc. v. Shat-R-Shield*, 885 F.2d 854, 856 (Fed. Cir. 1989); *W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1283 (Fed. Cir. 1988); *see also, Windsurfing Int'l, Inc. v. Ostermann*, 534 F. Supp. 581, 588-89 (S.D.N.Y. 1982) (Section 1498(a) as a defense by a government contractor is akin to a governmental taking of a license by eminent domain); *Decca Ltd. v. United States*, 544 F.2d 1070 (Ct. Cl. 1976)(same). As a statute waiving the sovereign's immunity to suit, Section 1498(a) must be strictly construed. *Leesona Corp. v. United States*, 599 F.2d 958, 968 (Ct. Cl. 1979).

**C.    <u>Defendants Cannot Meet Their Burden Under 28 U.S.C. § 1498(a)</u>**

Defendants bear the burden of proof on each and every element of their governmental immunity defense under 28 U.S.C. § 1498(a). *Toxgon Corp.*, 312 F.3d at 1383. To escape liability for patent infringement under Section 1498(a), the infringer must show that the infringing article was "used or manufactured" either (1) <u>by</u> the United States or (2) <u>for</u> the United States. Defendants, however, merely claim that they, along with all other cell phone manufacturers, were required to comply with the above-described federal regulations. *See* Baehr Decl., Ex. B at 10-11. There is no evidence whatsoever that the infringing articles were used or manufactured by the United States or for the United States.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 5

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

1.    **Defendants' Infringement of the Airbiquity Patents was not "by . . . the United States"**

The acts of infringement alleged in the complaint were the acts of defendants, not of the United States. Accordingly, defendants' infringement of the Airbiquity patents cannot be "by . . . the United States."

2.    **Defendants' Infringement of the Airbiquity Patents was not "for the United States".**

Infringement by an entity other than the United States, such as a governmental contractor, subcontractor, or other entity, is deemed to be "for the United States" if the infringement was "[1] for the Government and [2] with the authorization and consent of the Government." 28 U.S.C. § 1498(a); *Sevenson Env'tl. Services, Inc. v. Shaw Env'tl., Inc.*, 477 F.3d 1361, 1365 (Fed. Cir. 2007). Defendants have no evidence to meet either of these requirements.

   a.    **Defendants Have no Evidence That Their Wireless Devices Were Offered for Sale or Sold "for the Government".**

For infringing activity to be "for the Government," as that term is used in Section 1498(a), the infringer must demonstrate that (1) the infringing conduct occurred pursuant to a contract with the government; and (2) the government received a direct benefit. *Sevenson*, 477 F.3d at 1365. Here, defendants have no evidence to satisfy either condition.

      (1)    **Defendants Have no Evidence of a Contractual Relationship Between Themselves and the Government.**

Governmental immunity under 28 U.S.C. § 1498(a) extends only to private entities engaged in manufacture for actual delivery to the federal government, or to a "product, machine, or process" used by a private entity that is doing work for the United States' direct benefit. *See* 5 Donald S. Chisum, *Chisum on Patents*, § 16.06[3][c] (2005). Here, defendants have no evidence that they were bound to provide to the United States wireless devices using Airbiquity's patented technology. Even if some of defendants' individual customers were shown to be government employees, sales and service contracts with any such *individuals* do not constitute a contract with the *United States*. Similarly, the terms of 47 C.F.R. § 20.18(c) do not constitute a contract to provide wireless devices or services to the government; they

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 6

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

merely require that wireless carriers be capable of transmitting certain 911 calls *regardless of whether the wireless devices are sold to the United States or private individuals*. Finally, defendants have no evidence that they used their wireless devices to perform work for and/or under contract with the United States.

**(2)    Defendants Have no Evidence That the Government Benefited Directly From Their Marketing and Sales of Infringing Wireless Devices.**

To determine whether the use of a patented product is for the government's benefit, the Court must "look at the purpose of the action" and determine "whether the United States has an actual interest in the type of device selected to be used or manufactured for the Government." *Riles v. Amerada Hess Corp.*, 999 F. Supp. 938, 940 (S.D. Tex. 1998). For 28 U.S.C. § 1498(a) to apply, the government must have much more than a general interest in defendants' activities. *Larson v. United States*, 26 Cl.Ct. 365, 369 (1992) ("[t]he fact that the government has an interest in the program generally...is too remote to make the government the program's beneficiary for the purposes underlying § 1498."). Thus, although the United States may be generally interested in whether entities comply with federal regulations such as 47 C.F.R. § 20.18(c), the particular type of technology that defendants choose to comply with Section 20.18(c) is not specified in the regulation and is of no interest to the government. This distinction is illustrated by the *Windsurfing* and *Larson* cases.

In *Windsurfing*, the United States Olympic Committee selected the type of sailboard to be used by the United States Olympic windsurfing team in the Los Angeles Olympics. *Windsurfing*, 534 F. Supp. at 583. When the Committee chose a sailboard that allegedly infringed the plaintiff's patent, the plaintiff sued the sailboard manufacturer seeking an injunction. *Id.* The accused sailboard manufacturer filed a Rule 12(b) motion, on the ground that the court was without jurisdiction to enter an injunction because under Section 1498(c), the plaintiff's sole remedy was against the United States in the Court of Claims. *Id.* at 584. The court denied the motion, however, concluding that while the United States had great interest in the Olympic Games because they promote international cooperation, the government had no

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 7

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

1    interest in which *particular* sailboard was used in the windsurfing event. *Windsurfing*, 534 F. Supp. at

2    588.

3        Similarly, in *Larson*, the Court held that 28 U.S.C. § 1498(a) did not apply when the government

4    reimbursed medical care providers for their use of allegedly infringing splints and casts, which were used

5    in the Medicare and Medicaid health care programs. *Larson,* 26 Ct. Cl. at 370. The court emphasized

6    that "the Government neither requires, recommends, nor suggests" that medical "providers use particular

7    types, models, or brand names of casts and splints." *Id.* at 367 (Government not liable for patent

8    infringement under Section 1498(a) because contractors actually chose which device to use). The Court

9    concluded that "[a]ny use of plaintiffs' casts and splints was for the benefit and convenience of the

10   patient and provider, with no benefit to the government." *Id.* at 369. Accordingly, the Court ruled that

11   "[m]edical care is provided for the benefit of the patient, not the government." *Id.* Therefore, although

12   the government had a general interest in the Medicare and Medicaid programs, and reimbursed part of the

13   providers' costs, the Court found that the government did not sufficiently benefit from the infringing

14   activity to invoke Section 1498(a). *Id.*

15       Here, as in *Windsurfing* and *Larson*, the government does not benefit from the manufacture and

16   sale of defendants' infringing products. The government has no direct control over the disposition of the

17   infringing products, and it receives no financial gain from defendants' sales. Moreover, defendants have

18   not shown that the government receives any wireless devices or services from the defendants. Nor does

19   the government specify any particular type of technology that providers of wireless devices must utilize

20   to comply with 47 C.F.R. § 20.18(c). The government is interested only in the end result, *i.e.,*

21   compliance with Section 20.18(c). It has no interest, however, in the particular technological means that

22   wireless device providers choose to adopt to attain that result. Therefore, when defendants adopted

23   Airbiquity's patented technology to comply with Section 20.18(c)—from the universe of possible

24   technological solutions—the defendants acted to benefit only themselves, *not* the United States.

25

26

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 8

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

**b.    Defendants Have no Evidence That the Government Authorized or Consented to Their Infringement of the Airbiquity Patents.**

The "authorization and consent" prong of this test requires an alleged infringer to set forth "explicit acts or extrinsic evidence sufficient to prove the government's intention to accept liability for a specific act of infringement." *Larson*, 26 Cl.Ct. at 369-370, *citing Auerbach v. Sverdrup Corp.*, 829 F.2d 175, 177 (D.C. Cir. 1987). In the absence of an express authorization or consent by the government to infringe the claims of the patents at issue, the alleged infringer may still seek to avoid liability under the theory of implied authorization by necessity, by proving that: "(1) the Government expressly contracted for work to meet certain specifications; (2) the specifications cannot be met without infringing on a patent; and (3) the Government had some knowledge of the infringement." *Larson,* 26 Cl.Ct. at 369-370. Here, defendants have no evidence that the government authorized or consented to, either explicitly or implicitly, defendants' infringement of the Airbiquity patents.

**(1)    Defendants Have no Evidence That the Government Explicitly Agreed to Accept Liability for Their Infringement of the Airbiquity Patents.**

Courts find that the government has authorized a private entity's use or manufacture of infringing goods or services if there are "explicit acts or extrinsic evidence sufficient to prove the Government's intention to accept liability for a specific act of infringement." *Id.*[5] Courts refuse to apply 28 U.S.C. § 1498(a) "in the absence of some Governmental cognizance of or acquiescence in the alleged patent infringement." *Great Plains Bag Corp. v. St. Regis Paper Co.*, 188 U.S.P.Q. 561, 563 (S.D. Iowa 1975). This is especially true when the "articles could be manufactured without infringing the patents." *Id.* In

---

[5] An example of a standard "authorization and consent" clause in a government contract may be found in the *Sevenson* case:

> The Government authorizes and consents to all use and manufacture, in performing this contract or any subcontract at any tier, of any invention described in and covered by a United States patent . . . used in machinery, tools, or methods whose use necessarily results from compliance by the Contractor or subcontractor with (i) specifications or written provisions forming a part of this contract or (ii) specific written instructions given by the Contracting Officer directing the manner of performance.

*Sevenson*, 477 F.3d at 1363.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 9

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

1  *Great Plains*, the Court enumerated four factors that militated against a finding of governmental

2  authorization or consent:  (1) whether a direct contractual relationship existed between the alleged

3  infringer and the government; (2) whether government specifications required a product that infringed the

4  patent(s); (3) whether the government contract contained a no "authorization and consent" clause; and (4)

5  whether the allegedly infringing products are capable of non-governmental usage either currently or over

6  the life of the patent(s). *Id.*

7  Here, under the analysis set forth in *Great Plains*, there is no authorization or consent by the

8  government to defendants' infringement of the Airbiquity patents.  First, as noted above, defendants

9  cannot show a contract with the United States to manufacture or sell their infringing wireless devices and

10  services to the government.  Second, in promulgating 47 C.F.R. § 20.18(c), the government did not

11  specify any particular technology that defendants were required to use to comply with this regulation,

12  much less mandate the adoption of the technology claimed in the Airbiquity patents.  Third, because

13  defendants have no contract with the government, an "authorization and consent" clause necessarily does

14  not exist.  Fourth, not only are defendants' wireless devices and network capable of non-governmental

15  use, they are in fact widely (if not primarily) used by private citizens and entities for private uses.

16  Where the government has neither set forth any specifications nor any specific written

17  instructions for a government contractor to use a particular type of product and/or service, 28 U.S.C. §

18  1498(a) is inapplicable. *Carrier Corp. v. United States*, 534 F.2d 244, 247 (Ct. Cl. 1976).  In *Carrier*,

19  pursuant to a government contract, a third party provided detachable refuse containers on an Air Force

20  base. *Id.* Although the contract required that the containers be steel, fully enclosed and fireproof, the

21  Court held that Section 1498(a) did not apply, because the government did not provide specific written

22  instructions or "structure or performance characteristics" for their manufacture. *Id.* at 247-48.  The Court

23  emphasized that alternative "detachable containers were available in the open market which could have

24  been purchased and used, and which would not have infringed plaintiff's patent." *Id.* at 248.  Here, like

25  *Carrier*, defendants have no evidence that the government instructed them to use a particular type of

26
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 10

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

1  technology and/or product to comply with 47 C.F.R. § 20.18(c).  The government required only that

2  defendants' wireless devices enable the speech and hearing impaired to contact emergency services.

3  In addition, 28 U.S.C. § 1498(a) does not shift liability from a contractor to the government if the

4  government is unaware that a patented article is being used for government work.  In *Consolidated*

5  *Vacuum Corp. v. Machine Dynamics, Inc.*, 230 F. Supp. 70, 72 (S.D. Cal. 1964), the Court acknowledged

6  that when the government "knows and obliges the contractor to use the patented article, of course the

7  Government should be willing to pay." *Id.*  The government will not accept liability, however, when an

8  "independent contractor for his own convenience saw fit to use the patented article in doing Government

9  work…when they did not know he was using it." *Id.*  As demonstrated above, defendants neither had a

10  contract with the government, nor were they doing any work for the government.  There is no evidence

11  that the government had any knowledge that defendants were using infringing technology in their

12  wireless devices and network.

### (2)   Defendants Have no Evidence that the Government Implicitly Authorized or Consented to Their Infringement of the Airbiquity Patents.

15  In the absence of an express authorization or consent by the government to infringe the Airbiquity

16  patents, defendants' last resort is the theory of implied authorization by necessity.  An implied

17  authorization to infringe a patent may be found under the following circumstances: (1) the government

18  expressly contracted for work to meet certain specifications; (2) the specifications cannot be met without

19  infringing a claim of a patent; and (3) the government had some knowledge of the infringement. *Larson*,

20  26 Cl.Ct. at 370.  However, "where the government requirements can be satisfied without an

21  infringement, authorization or consent will not be implied." *Windsurfing*, 534 F. Supp. at 588.  Implied

22  government consent has been found only where "particular government specifications required a

23  particular patent infringement." *Id.*

24  None of the three *Larson* elements are present here.  Defendants cannot satisfy the first element

25  because they and the government have no contract relating to defendants' infringing wireless devices.

26  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 11

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

1    Moreover, the government did not expressly specify the technology to be implemented to comply with 47

2    C.F.R. § 20.18(c).    As to the second element, defendants have no evidence that the Technical

3    Specification was the only possible technology available to comply with Section 20.18(c).    Defendants

4    chose to adopt the technology disclosed in the Airbiquity patents in their Technical Specification.

5    Finally, as discussed above, defendants have no proof to meet the third element, because they have no

6    evidence that the government had knowledge of defendants' infringement of the Airbiquity patents.

7    Accordingly, the facts do not support a finding of implied authorization or consent.

8                                    **IV.    CONCLUSION**

9           For the reasons set forth herein, Airbiquity respectfully requests that the Court grant this motion

10   and enter an order dismissing defendants' second affirmative defense of governmental immunity under

11   28 U.S.C. § 1498(a).

12           DATED this 30th day of October, 2008.

13                                                      Respectfully submitted,

14                                                      DORSEY & WHITNEY LLP

15                                                      /s/  Paul T. Meiklejohn
                                                        Paul T. Meiklejohn, WSBA No. 17477
16                                                      Alexander A. Baehr, WSBA No. 25320
17                                                      Douglas F. Stewart, WSBA No. 34068

18                                                      Attorneys for Plaintiff Airbiquity Inc.

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE OF
GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a) - 12

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

## CERTIFICATE OF SERVICE

I, Paul T. Meiklejohn, certify that on October 30, 2008, the foregoing *PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSES OF GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a)*, and concurrently filed the *DECLARATION OF ALEXANDER A. BAEHR*, and *[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSES OF GOVERNMENTAL IMMUNITY UNDER 28 U.S.C. § 1498(a)* in support of same were electronically filed with the Clerk of the Court using the CM/ECF system and thereby served said documents on counsel for Defendants AT&T MOBILITY LLC, NEW CINGULAR WIRELESS SERVICES, INC., and  NEW CINGULAR WIRELESS PCS LLC via ECF-generated e-mail and notification.

DATED this 30th of October, 2008

/s/ Paul T. Meiklejohn
Paul T. Meiklejohn

CERTIFICATE OF SERVICE - 1

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800