UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AIRBIQUITY INC.,

               Plaintiff,

v.

AT&T MOBILITY LLC, et al.,

               Defendants.

C08-94Z

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Pursuant to the stipulation of the parties, docket no. 96, and subsequent telephonic agreement of counsel, the following deadlines are continued as indicated:

<u>Briefing on Cross-Motions for Summary Judgment</u>
| | |
|---|---|
| Defendants' supplemental response brief | May 8, 2009 |
| Plaintiff's supplemental reply brief | May 22, 2009 |

<u>*Markman* Hearing Materials</u>
| | |
|---|---|
| Joint Claim Chart and Prehearing Statement | March 20, 2009 |
| Opening Claim Construction Briefs | April 24, 2009 |
| Responsive Claim Construction Briefs | May 8, 2009 |

All claim construction briefing shall be noted by the filing parties for May 8, 2009.

(2) Pursuant to the agreement of counsel, the deposition of Dan Preston will take place on April 7, 2009. Defendants' motion to compel Mr. Preston's deposition, docket no. 97, is STRICKEN as moot.

MINUTE ORDER - 1

(3) Plaintiff's motion for partial summary judgment, docket no. 59, and defendants' cross-motion for summary judgment, docket no. 65, are RENOTED to May 22, 2009.

(4) Having reviewed the patents-in-suit, which are not part of the record, but are publicly available, the Court directs the parties to SHOW CAUSE why a neutral expert should not be appointed prior to the *Markman* hearing pursuant to Fed. R. Evid. 706. Any order appointing an expert pursuant to Fed. R. Evid. 706 would be in substantially the form attached hereto as Exhibit A. Responses to this show cause order shall be filed by April 24, 2009, along with five (5) nominations from each side for such expert.

(5) The *Markman* hearing scheduled for May 21, 2009, is STRICKEN. The Court will set a *Markman* hearing date after reviewing the parties' responses concerning a court-appointed neutral expert.

(6) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 11th day of March, 2009.

BRUCE RIFKIN, Clerk

By  s/ Claudia Hawney
Claudia Hawney
Deputy Clerk

MINUTE ORDER - 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AIRBIQUITY INC., <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, et al., <br><br> Defendants. | No. C08-94Z <br><br> ORDER OF APPOINTMENT <br> OF FED. R. EVID. 706 EXPERT |

Good cause appearing, it is hereby

ORDERED, that ____[name of expert]____, a __[type of professional]__ with experience in ____[area of expertise]____, is hereby appointed an expert in this action pursuant to Federal Rule of Evidence 706; and it is FURTHER ORDERED THAT

1. The Rule 706 Expert in executing this appointment shall have and may exercise only those powers conferred upon experts pursuant to Federal Rule of Evidence 706, and as limited by this Order.

2. The role of the Rule 706 Expert shall be to (a) review the briefs, [expert reports, expert depositions,] and related materials that the parties submit to the Court for purposes of the *Markman* hearing on claim construction; (b) prepare a report on claim interpretation that summarizes the general technology and related background of the patents-in-suit, provides proposed claim construction, and summarizes the evidence relevant to said proposed claim construction; (c) provide deposition testimony concerning the Rule 706 Expert's claim construction report; (d) attend the *Markman* hearing and provide testimony at

ORDER

the hearing to the extent the Court deems appropriate; and (e) prepare any further reports or assistance as the Court may direct.

3. The Court shall not communicate with the Rule 706 Expert on any subject touching the merits of this case other than in open court or with the knowledge and consent of the parties. No party or counsel shall engage in *ex parte* communications with the Rule 706 Expert concerning any matter related to this case, except for communications regarding purely ministerial matters.

4. By ____[date]____, the parties shall provide the Rule 706 Expert with a copy of their *Markman* briefs [and expert reports,] and exhibits thereto, and proposed claim construction, and provide notice to all other parties of the exact contents of this submission. By ___[date]___, the parties shall provide the Rule 706 Expert with responsive briefs.

5. By ____[date]____, the Rule 706 Expert shall submit a written report on claim interpretation as described above.

6. On or before ____[date]____, the Rule 706 Expert shall be available for deposition in Seattle, Washington. Arrangements for the deposition shall be at a time and place convenient to the Court's schedule.

7. By ____[date]____, the parties may submit written comments to the Court and the Rule 706 Expert on the Rule 706 Expert's report.

8. The Rule 706 Expert shall attend the *Markman* hearing scheduled for ___[date]___, and shall testify at the *Markman* hearing after the presentations made by the parties' counsel (and witnesses if appropriate) if the Court determines that such testimony should be provided. The Rule 706 Expert also shall provide further assistance as the Court may direct.

9. The Rule 706 Expert shall not report or testify at any jury trial in this case.

10. The Court has not yet determined whether the Rule 706 Expert shall participate in any proceedings after the *Markman* hearing, including summary judgment.

ORDER

1    11.    The Rule 706 Expert shall receive compensation for his/her services herein at
2 the hourly rate of $  [rate]  , together with reasonable expenses.

3    12.    The fees and costs incurred by the Rule 706 Expert in connection with this
4 appointment shall be borne equally by plaintiff (one-half) and defendants (one-half) and their
5 respective shares thereof promptly paid as the Rule 706 Expert shall direct.  All billings shall
6 be submitted directly to the parties with a copy to the Court.

7    13.    The Rule 706 Expert shall file a letter with the Court certifying that he/she has
8 no current employment or personal relationship with any party in this case, or any known
9 subsidiaries, that would constitute a conflict of interest, and that he/she has not previously
10 worked for or with these parties, or any known subsidiaries, on matters material to this
11 litigation.

12    14.    The Clerk of the Court is directed to send a copy of this Order to all counsel of
13 record and to   [name of expert]   at       [address of expert]       .

14    IT IS SO ORDERED.

15    DATED this _____ day of _____, 2009.

THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

ORDER