IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| AIRBIQUITY INC., a Washington corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| AT&T MOBILITY LLC, a Delaware limited liability company;  NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation;  and NEW CINGULAR WIRELESS PCS LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION NO.  2:08-cv-00094-TSZ

AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF VALIDITY AS TO DEFENDANTS' CONTENTIONS THAT VARIOUS "SYSTEMS" ANTICIPATE THE CLAIMS AT ISSUE

Note on Motion Calendar:
July 10, 2009

ORAL ARGUMENT REQUESTED

DORSEY & WHITNEY LLP
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
(206) 903-8800

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    RELEVANT FACTS ..............................................................................................2

       A.    Airbiquity's Patent Claims ..........................................................................2

       B.    Defendants' Invalidity Contentions As Set Forth In Their  Answers and
             Counterclaims ...........................................................................................2

       C.    In Response To Airbiquity's First Set Of Interrogatories, Defendants Failed To
             Provide The Basis For Their "Systems" Invalidity Contentions .........................3

       D.    The Court Order Required Defendants To Provide A Detailed Claim Chart ........4

       E.    Defendants Provided A Claim Chart, But Failed To  Reference Any "System"
             With Respect To Any Element of Any of Plaintiff's Claims ..............................4

       F.    In Response To Airbiquity's Second Set Of Interrogatories, AT&T Failed To
             Explain the Basis For Defendants' "Systems" Invalidity Contentions .................6

       G.    Defendants' Prehearing Statement On Invalidity Does Not Explain The Basis For
             Defendants' "Systems" Invalidity Contentions ...................................................7

III.   LEGAL STANDARD .............................................................................................8

       A.    Defendants' Burden Is One Of Clear And Convincing Evidence. ......................8

       B.    The *Celotex* Standard For Summary Judgment In Patent Cases ..........................8

IV.    ARGUMENT ...........................................................................................................9

       A.    The Systems Do Not Constitute "Prior Art" .....................................................10

       B.    The Systems Are Not Enabling ........................................................................11

       C.    None Of The Systems Anticipates Any Of Airbiquity's Patent Claims .............13

V.     CONCLUSION ......................................................................................................14

CERTIFICATE OF SERVICE ..............................................................................................16

AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING "SYSTEMS" (NO. 2:08-CV-00094-TSZ) - i

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE,  SUITE 3400
SEATTLE, WASHINGTON  98101
(206) 903-8800

# <u>TABLE OF AUTHORITIES</u>

## <span style="font-variant: small-caps">Cases</span>

*Advanced Display Systems Inc. v. Kent State Univ.*,
  212 F.3d 1272 (Fed. Cir. 2000) ...........................................................................13

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
  314 F.3d 1313 (Fed. Cir. 2003) ...........................................................................12

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ...............................................................................................9

*Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*,
  853 F.2d 1557 (Fed. Cir. 1988) .............................................................................8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1987) ............................................................................................8, 9

*Hybritech, Inc. v. Monoclonal Antibodies, Inc.*,
  802 F.2d 1367 (Fed. Cir. 1986) ...........................................................................13

*In re Donohue*,
  766 F.2d 531 (Fed. Cir. 1985) .............................................................................12

*In re Paulsen*,
  30 F.3d 1475 (Fed. Cir. 1994) .............................................................................11

*Mahurkar v. C.R. Bard, Inc.*,
  79 F.3d 1572 (Fed. Cir. 1996) .............................................................................13

*Northlake Marketing & Supply Inc. v. Glaverbel S.A.*,
  36 USPQ2d 1758 (N.D. Ill. 1995) .......................................................................11

*Panduit Corp. v. Dennison Mfg. Co.*,
  810 F.2d 1561 (Fed. Cir. 1987) .............................................................................8

*Phillips Petroleum Co. v. U.S. Steel Corp.*,
  673 F. Supp. 1278 (D. Del. 1987), *aff'd*, 865 F.2d 1247 (Fed. Cir. 1989) .............13

*Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*,
  739 F.2d 624 (Fed. Cir. 1984) ...............................................................................8

*Shamrock Tech., Inc. v. Medical Sterilization Inc.*,
  903 F.2d 789 (Fed. Cir. 1990) ...............................................................................8

*Struthers Scientific & Int'l Corp. v. Rappl & Hoenig Co.*,
  453 F.2d 250 (2d Cir. 1972) .................................................................................11

<span style="font-variant: small-caps">**Dorsey & Whitney LLP**</span>
<span style="font-variant: small-caps">U.S. Bank City Centre Building</span>
<span style="font-variant: small-caps">1420 Fifth Avenue, Suite 3400</span>
<span style="font-variant: small-caps">Seattle, Washington 98101</span>
(206) 903-8800

*University of California v. Eli Lilly and Co.*,
   39 USPQ2d 1225 (S.D. Ind. 1995), *aff'd*, 119 F.3d 1559 (Fed. Cir. 1997)............................11

<u>STATUTES</u>

35 U.S.C. § 102..............................................................................................................passim

35 U.S.C. § 112......................................................................................................................4

35 U.S.C. § 282..............................................................................................................8, 9, 11

<u>RULES</u>

FED. R. CIV. P. 11...................................................................................................................3

FED. R. CIV. P. 1....................................................................................................................8

FED. R. CIV. P. 56...................................................................................................................9

<u>TREATISES</u>

Wright & Miller, 11 FED. PRACTICE §§ 56.11[3], 31[2] (3d ed. 1997 & supp. 2000) .................8

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

# I.  <u>INTRODUCTION</u>

Plaintiff Airbiquity Inc. ("Airbiquity") has brought this patent infringement suit against defendants AT&T Mobility LLC ("AT&T"), New Cingular Wireless Services, Inc., and New Cingular Wireless PCS LLC (collectively, "Defendants"), based on Defendants' infringement of three Airbiquity patents.  Defendants allege in response that the claims of Airbiquity's patents are anticipated by certain prior art references and are therefore invalid pursuant to 35 U.S.C. § 102.  Among the prior art references cited by Defendants are several alleged "systems," purportedly developed in the 1990s by various third parties.

After nearly a year of discovery, Defendants have still failed to explain exactly what these "systems" are or how they anticipate Airbiquity's patent claims.  Although the Court previously ordered Defendants to provide "a chart that identifies where in each piece of prior art each element of each asserted claim is found," the claim charts provided by Defendants fail to reference how any  single system anticipates any individual element of any one of Airbiquity's patent claims.  Instead, Defendants simply collected various documentary references, purportedly to these alleged systems; grouped these together; similarly grouped together all of the elements of each of Airbiquity's claims; and then asserted that these references cumulatively anticipate each of Airbiquity's claims as a whole.  *See, e.g., concurrently-filed Declaration of Douglas F. Stewart* (*"Stewart Decl."*)*, Ex. 10, pp. 27-30.

None of the alleged "systems," as identified by Defendants, anticipate any of Airbiquity's patent claims under 35 U.S.C. § 102.  Therefore, Airbiquity respectfully requests that the Court grant it partial summary judgment of validity under 35 U.S.C. § 102 as to Defendants' "systems" contentions.  This motion does not require claim construction as it is not based on the scope of the claims and the alleged technical details of the prior art.  Instead, the issues raised herein are directed to the deficiency of Defendants' evidence and their failure to comply with the statute (35 U.S.C. § 102) and this Court's Order, and the fact that certain

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

elements of each of the claims at issue cannot be met, regardless of how the claims were to be construed.

## II.  RELEVANT FACTS

### A.  Airbiquity's Patent Claims

On January 18, 2008, Airbiquity filed this lawsuit, based on Defendants' infringement of three Airbiquity patents:  U.S. Patent No. 6,681,121 ("the '121 Patent"), entitled Circuitry for Activating a Modem in a Cellular Telephone;  U.S. Patent No. 7,206,305 ("the '305 Patent"), entitled Software Code for Improved In-band Signaling for Data Communications Over Digital Wireless Networks; and U.S. Patent No. 7,221,669 ("the '669 Patent"), entitled Cellular Telephone Having Improved In-band Signaling for Data Communications Over Digital Wireless Telecommunications Networks.  *See* Dkt. # 1 at ¶¶ 12-19 (Complaint).  Airbiquity asserts that cellular handsets marketed and sold by Defendants infringe six claims of the three patents-in-suit:  claims 3 and 6 of the '121 Patent;  claim 1 of the '305 Patent;  and claims 1, 6 and 7 of the '669 Patent.  *See* Dkt. # 104 at pp. 4-17 (Airbiquity's Prehearing Statement);  *see also* Dkt. # 1 (Complaint) at ¶¶ 16-19.

### B.  Defendants' Invalidity Contentions As Set Forth In Their  Answers and Counterclaims

In Defendants' Answer filed May 27, 2008, Defendants alleged, among other defenses, that each claim of each of the three patents-in-suit is invalid under 35 U.S.C. § 102.  *See* Dkt. # 26 at ¶ 24 (Defendants' Answer).  Defendants also filed counterclaims seeking a declaratory judgment of invalidity of each claim of the patents-in-suit on the same basis.  *Id.* at ¶¶  48, 59, and 70 (Defendants' Counterclaims).

AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING "SYSTEMS" (NO. 2:08-CV-00094-TSZ) - 2

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
(206) 903-8800

### C. In Response To Airbiquity's First Set Of Interrogatories, Defendants Failed To Provide The Basis For Their "Systems" Invalidity Contentions

For the past year, Airbiquity has attempted to discover the basis for Defendants' invalidity defense. On June 16, 2008, Airbiquity served its First Set of Interrogatories on Defendants. Airbiquity's Interrogatory No. 2 required Defendants to provide the following information:

> Separately for each claim of each of the Airbiquity Patents that you contend is, or may be, invalid or unenforceable, please provide the complete factual and technical basis via a detailed claim chart for the contention that the claim is invalid or unenforceable, including identification of all facts, prior art (by date, title, location, and citation of relevant portions showing the correspondence to each and every limitation of any claim you allege to be invalid), and/or portions of the patents-in-suit relevant to such contentions and the person or persons knowledgeable with respect to each of your assertions as to invalidity or unenforceability.

*See Stewart Decl.*, Ex. 1 at p. 6 (Plaintiff's First Interrogatories to AT&T); Ex. 2 at p. 6 (Plaintiff's First Interrogatories to New Cingular Wireless Services, Inc.); and Ex. 3 at p. 6 (Plaintiff's First Interrogatories to New Cingular Wireless PCS LLC).

On July 16, 2008, Defendants responded to Interrogatory No. 2 with a series of boilerplate objections, and no substantive information. Although Airbiquity merely sought to discover the basis for Defendants' invalidity defenses, which should be well known to Defendants' counsel pursuant to Fed. R. Civ. P. 11, Defendants objected that this interrogatory was "overly broad," "unduly burdensome," calling "for information protected by the attorney-client privilege, the work-product privilege, or both," and "premature." *See Stewart Decl.*, Ex. 4 at pp. 4-6 (AT&T's Answers to Plaintiff's First Interrogatories); Ex. 5 at pp. 4-6 (New Cingular Wireless Services, Inc.'s Answers to Plaintiff's First Interrogatories); and Ex. 6 at pp. 4-6 (New Cingular Wireless PCS LLC's Answers to Plaintiff's First Interrogatories).

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

Defendants promised to "provide relevant, responsive information to this Interrogatory when appropriate." *See Stewart Decl.*, Exs. 4-6 at p. 6.

### D. The Court Order Required Defendants To Provide A Detailed Claim Chart

On August 28, 2008, the Court entered its standard Scheduling Order for patent cases which included a requirement that Defendants provide a detailed claim chart explaining their invalidity contentions. Specifically, the Court ordered as follows:

<u>Preliminary Invalidity Contentions</u>

A party opposing a claim of infringement on the basis of invalidity shall serve on all parties a statement of its Preliminary Invalidity Contentions including: (1) the identity of prior art that allegedly anticipates each asserted claim or renders it obvious; (2) whether each piece of prior art anticipates or renders obvious the asserted claims; (3) a chart that identifies where in each piece of prior art each element of each asserted claim is found; and (4) any grounds for invalidity based on indefiniteness, enablement, or written description under 35 U.S.C. § 112.

Dkt. #51 at p. 3 (Minute Order Setting Trial and Related Dates). Defendants were thus required to explain how each piece of alleged prior art anticipates each element of each of Airbiquity's patent claims by identifying specifically where in each piece of prior art each element can be found, if at all.

### E. Defendants Provided A Claim Chart, But Failed To Reference Any "System" With Respect To Any Element of Any of Plaintiff's Claims

On January 5, 2009, Defendants provided their Preliminary Invalidity Contentions, in which they identified various patents and publications as prior art. This motion does not relate to those specifically identified patents and publications. Defendants' Preliminary Invalidity Contentions also identified generally nine "systems." It is those systems which are the subject of this motion:

- "3COM solutions for TTY capability in digital cellular networks and telephones" (the "3COM System");
- "Ericsson solutions for TTY capability in digital cellular networks and telephones" (the "Ericsson System");

AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING "SYSTEMS" (NO. 2:08-CV-00094-TSZ) - 4

- "Lober and Walsh solutions for TTY capability in digital cellular networks and telephones" (the "Lober and Walsh System");
- "Lucent solutions for TTY capability in digital cellular networks and telephones" (the "Lucent System");
- "Motorola solutions for TTY capability in digital cellular networks and telephones" (the "Motorola System");
- "Nokia solutions for TTY capability in digital cellular networks and telephones" (the "Nokia System");
- "Nortel solutions for TTY capability in digital cellular networks and telephones" (the "Nortel System");
- "Panasonic solutions for TTY capability in digital cellular networks and telephones" (the "Panasonic System"); and
- "Integrated Data Communications location solutions" (the "IDC System") (collectively, the "Systems").

*See Stewart Decl.*, Ex. 9 at pp. 5-6, 13, and 19-20 (Defendants' Preliminary Invalidity Contentions).

Not one of the Systems identified in Defendants' Preliminary Invalidity Contentions is referenced with respect to any individual element of any one of Airbiquity's patent claims in the attached claim charts. Instead, Defendants included a *separate* "claim chart" for the Systems, in which they grouped together all of the elements of each claim and referenced each of the Systems as anticipating the claim as a whole. *See Stewart Decl.*, Ex. 10 at pp. 27-30; Ex. 11 at pp. 10-13; and Ex. 12 at pp. 32-35 (Exs. A-C to Defendants' Preliminary Invalidity Contentions). This format not only fails to comply with this Court's requirement that defendants provide a "chart that identifies where in each piece of prior art each element of each asserted claim is found," but it also leaves Airbiquity totally in the dark as to the basis for the anticipation contention.

Defendants' recognition of the significant deficiency in their claim charts is evidenced by the disclaimer which accompanied their "systems" contentions: "Based at least in part on Defendants' present understanding of the Asserted Claims and on the apparent construction of the Asserted Claims offered by Plaintiff in Plaintiff's Preliminary Infringement Contentions, the

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

following Chart provides examples of where the systems identified in Defendants' Preliminary Invalidity Contentions as anticipating claims or rendering obvious [Airbiquity's claims] are described or identified, at least in part." *See Stewart Decl.*, Ex. 10 at p. 27; Ex. 11 at p. 10; and Ex. 12 at p. 32.

Defendants may respond to this motion by arguing that they provided several inches of documents as exhibits to their Preliminary Invalidity Contentions. While those documents appear to be reports regarding an industry forum; PowerPoint presentations; meeting minutes; and correspondence, none of those documents satisfy the Court's requirement that Defendants point out, via a claim chart, the locations in the prior art of each element of each claim of the patents-in-suit. Dkt. #51 at p. 3 (Minute Order Setting Trial and Related Dates) (emphasis added).

F.    **In Response To Airbiquity's Second Set Of Interrogatories, AT&T Failed To Explain the Basis For Defendants' "Systems" Invalidity Contentions**

On January 12, 2009, Airbiquity served its Second Set of Interrogatories on AT&T, attempting, again, to discover the basis for Defendants' contention that the Systems anticipate Airbiquity's claims. Airbiquity's Interrogatory No. 13 required AT&T to provide the following information:

> Separately for each of the "Systems" identified at pages 5, 6, 13, 19, and 20 of "Defendants' Preliminary Invalidity Contentions," state (a) the particular section(s) of 35 U.S.C. § 102 that is (are) the basis for the contention that the system is prior art, (b) the earliest known date for the system as prior art under the section or sections identified in (a); (c) the meaning of the term "solutions" in the description of each system (d) a complete description of the structure, function, and operation of each "system" and any changes to each "system" as of any date which Defendant content is prior art to any claim of any Airbiquity patent; (e) the identity of all individuals knowledgeable as to the information sought in (a) through (b) hereof; and (f) the identity of all documents which refer or relate to each system and the information sought in (a) and (b) hereof.

*See Stewart Decl.*, Ex. 7 at p. 7 (Plaintiff's Second Set of Interrogatories to AT&T).

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

On February 17, 2009, AT&T responded to Interrogatory No. 13. As with its response to Airbiquity's previous interrogatory, AT&T again asserted a range of boilerplate objections, including that Interrogatory No. 13 is "vague," "ambiguous," "overly broad," and "unduly burdensome." *See* Meiklejohn Decl., Ex. 8 at p. 9 (AT&T's Answers to Plaintiff's Second Set of Interrogatories). In response to Airbiquity's specific requests for the earliest known date for the Systems; the structure, function, and operation of the Systems; and the identity of individuals knowledgeable about the Systems (all information required to evaluate whether, in fact, the Systems constitute anticipatory prior art under 35 U.S.C. § 102), AT&T simply referred "Plaintiff to Defendants' Preliminary Invalidity Contentions." *See* Meiklejohn Decl., Ex. 8 at p. 10. In other words, Airbiquity propounded Interrogatory No. 13 only because Defendants' claim charts were deficient and in violation of this Court's Order governing the disclosure of invalidity contentions. AT&T responded by simply referring Airbiquity back to Defendants' deficient claim charts.

The only "supplement[al]" information AT&T provided are unsupported assertions of "tests," "presentations," and "discussions" that allegedly may have occurred by numerous individuals. *Stewart Decl.*, Ex. 8 at pp. 11-14. That "supplemental" information does not satisfy the specific requirements of the statute. At most, it provides a starting point for Airbiquity to obtain the information that AT&T has the obligation to provide. To date, Defendants have failed to comply with the Court's Order in this respect and have withheld information, to the extent any exists, supporting their contentions that the "systems" are anticipatory of each and every claim of the patents-in-suit.

### G. Defendants' Prehearing Statement On Invalidity Does Not Explain The Basis For Defendants' "Systems" Invalidity Contentions

On March 20, 2009, Defendants filed their Prehearing Statement on Invalidity. *See* Dkt. # 103 (Defendants' Prehearing Statement on Invalidity). In this document, Defendants

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

continued to identify the Systems as prior art. However, Defendants still failed to provide any of the key information requested by Airbiquity in its interrogatories, including the earliest known date for the Systems. To date, Defendants have failed to provide any claim chart setting forth, on an element by element basis, where each limitation of each claim can be found in the alleged prior art Systems.

## III.    LEGAL STANDARD

### A.    Defendants' Burden Is One Of Clear And Convincing Evidence.

Because United States patents are presumed to be valid, 35 U.S.C. § 282, Defendants bear the burden of establishing invalidity by clear and convincing evidence. The presumption mandated by § 282 is "applicable to all of the many bases for challenging a patent's validity," including any affirmative defense under 35 U.S.C. § 102. *Panduit Corp. v. Dennison Mfg. Co.,* 810 F.2d 1561, 1570 (Fed. Cir. 1987).

### B.    The *Celotex* Standard For Summary Judgment In Patent Cases.

Summary judgment may be used to avoid a needless, useless, expensive, or time-consuming trial where there is no genuine issue of fact to be tried. *See Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 626 (Fed. Cir. 1984). The Supreme Court has emphasized that summary judgment is not "a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1987) (quoting FED. R. CIV. P. 1). Summary judgment is particularly appropriate when the non-movant's own admissions, whether oral or written, present facts that support the movant's legal arguments in favor of summary judgment. *See* Wright & Miller, 11 FED. PRACTICE §§ 56.11[3], 31[2], at 99-100, 248 (3d ed. 1997 & supp. 2000).

"[S]ummary judgment is as appropriate in a patent case as in any other." *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988); *see also*

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

*Shamrock Tech., Inc. v. Medical Sterilization Inc.*, 903 F.2d 789, 791-96 (Fed. Cir. 1990). It should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c).

Here, Defendants have alleged that certain claims of the patents-in-suit are invalid for failure to comply with § 102. Under *Celotex*, Airbiquity need only assert that the Defendants cannot carry their burden of proof on those defenses. Defendants must then present a *prima facie* case of invalidity under § 102. Thus, Airbiquity need only show that "there is an absence of evidence to support [Defendants'] case" to discharge its burden. *Celotex*, 477 U.S. at 325. Airbiquity is not required to provide evidence "*negating* [Defendants'] claim." *Id.* at 323 (emphasis in original). As the nonmoving parties, Defendants must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. Defendants must present actual evidence to successfully oppose this motion and cannot rest on mere allegations. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Furthermore, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case," here, clear and convincing evidence. *Anderson*, 477 U.S. at 255. Thus, "the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions." *Id.* at 255.

In short, Defendants, in opposition to this motion, must proffer sufficient evidence of invalidity under 35 U.S.C. § 102 as to each "system" and each limitation of each asserted claim, such that a jury could reasonably find in Defendants' favor under a clear and convincing burden of proof. Otherwise, this motion should be granted.

## IV.     ARGUMENT

Patent claims are presumed to be valid. *See* 35 U.S.C. § 282. Defendants bear the burden of establishing anticipation by these Systems by clear and convincing evidence. Defendants cannot show by clear and convincing evidence that any of the alleged "Systems"

AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING "SYSTEMS" (NO. 2:08-CV-00094-TSZ) - 9

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

identified in their invalidity contentions anticipates any of Airbiquity's six patent claims. Accordingly, Airbiquity is entitled to partial summary judgment of patent validity with respect to the "Systems." Indeed, Airbiquity is entitled to partial summary judgment on three independent grounds: (1) the Systems do not constitute "prior art" to the claims; (2) the Systems are not "enabling"; and (3) none of the Systems anticipates each element of any one of Airbiquity's claims.

### A. The Systems Do Not Constitute "Prior Art"

35 U.S.C. § 102 sets out what constitutes prior art for purposes of anticipation. In relevant part, § 102 provides as follows:

> A person shall be entitled to a patent unless—
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, or . . .
> (g) . . . (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

35 U.S.C. § 102. Therefore, Defendants must show not only that the invention was known or used or described or made, but also that this was done prior to the dates set forth in the statute.

Defendants have failed to provide any specific "date" for any of the Systems. Defendants have failed to show that any of the Systems were "known or used" or "patented or described in a publication" before Airbiquity's invention. *See* 35 U.S.C. § 102(a). Defendants have failed to show that any of the Systems were "patented or described in a printed publication" or "in public use or on sale" more than one year prior to Airbiquity's patent

AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING "SYSTEMS" (NO. 2:08-CV-00094-TSZ) - 10

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

application dates.  *See* 35 U.S.C. § 102(b).  Defendants have failed to show that any of the Systems were "made" prior to Airbiquity's invention.  *See* 35 U.S.C. § 102(g)(2).

Defendants may respond by arguing that the various documents they attached to their Preliminary Invalidity Contentions *contain* dates, included dated reports and correspondence. However, these documents do not show when the Systems allegedly satisfied the specific "date" requirements of § 102, described above.

Similarly, AT&T's mere reference to various dates in its response to Interrogatory No. 13 are insufficient to establish that any of the alleged "systems" qualifies as prior art for § 102 purposes.  *See* Meiklejohn Decl., Ex. 8 at pp. 9-14.  For example, AT&T alleged that "tests occurred at least as early as the Spring of 1997" and there was an industry forum meeting "in May 1998."  *See id.*  These vague references to tests or meetings, without corresponding documentary support, are inadequate to satisfy the requirements of § 102 .  Defendants were required to state exactly when the alleged Systems were known, used, described in a publication, on sale, or in public use, so that the Court can determine whether they are, in fact, prior art.  Defendants have failed to do so.

Because none of the alleged Systems satisfies any of the applicable date requirements explicitly set forth in § 102, the Systems are not "prior art"—by definition—and Airbiquity is entitled to partial summary judgment on this independent basis.

### B.     The Systems Are Not Enabling.

In order for a prior art reference to render a patent claim invalid for anticipation under § 102, it must be "enabling."  That is, the reference must describe the claimed invention in sufficient detail such that one of ordinary skill in the art could make, use, and practice the invention as set forth in the patent claim.  An enabling prior art disclosure is one that does not require further inspiration or undue experimentation.  *See Struthers Scientific & Int'l Corp. v. Rappl & Hoenig Co.*, 453 F.2d 250, 255 (2d Cir. 1972); *accord University of California v. Eli*

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

*Lilly and Co.*, 39 USPQ2d 1225, 1242 (S.D. Ind. 1995), *aff'd*, 119 F.3d 1559 (Fed. Cir. 1997); *Northlake Marketing & Supply Inc. v. Glaverbel S.A.*, 36 USPQ2d 1758, 1763 (N.D. Ill. 1995). Otherwise, alleged prior art that merely sets forth a wish list (*e.g.*, the proverbial "pie in the sky," "perpetual motion machine," and "rocket ship to Mars" references) could render a patent claim invalid—notwithstanding the presumption of validity under 35 U.S.C. § 282—without actually teaching anyone how to practice the invention. *In re Paulsen*, 30 F.3d 1475, 1478 (Fed. Cir. 1994) (emphasis added) ("A rejection for anticipation under section 102 requires that each and every limitation of the claimed invention be disclosed in a *single prior art reference*. . . In addition, *the reference must be enabling and describe the applicant's claimed invention sufficiently to have placed it in possession of a person of ordinary skill* in the field of the invention.") (emphasis added).

To be enabling, the alleged prior art must describe each and every element of the invention, as set forth in the patent claim, with sufficient detail "to have placed the public in possession of it":

> A claimed invention cannot be anticipated by a prior art reference if the allegedly anticipatory disclosures cited as prior art are not enabled. Long ago our predecessor court recognized that a *non-enabled disclosure cannot be anticipatory (because it is not truly prior art)* if that disclosure fails to "enable one of skill in the art to reduce the disclosed invention to practice."

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1354 (Fed. Cir. 2003) (emphasis added); *In re Donohue*, 766 F.2d 531, 533 (Fed. Cir. 1985) ("Accordingly, even if the invention is disclosed in a printed publication, that disclosure will not suffice as prior art if it was not enabling.")

The documents provided by Defendants regarding the Systems cannot be considered enabling. For example, the first of the Systems identified by Defendants is the 3COM System.

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

*See* Meiklejohn Decl., Ex. 9 at p. 19. The only evidence presented by Defendants of the existence of the alleged 3COM System appears to be the following:

- References to a "Letter to 3COM" and a "3COM Letter" in a document;
- A statement that "[t]he only response received to date is from 3COM" in a document;
- A statement that "Motorola is working with 3COM to add the TTY protocol. . ."; and
- A reference to "[t]he willingness of some modem manufacturers (3COM) to support the V.18 protocol is the other critical issue needed to make the IWF a viable option . . ."

*See* Meiklejohn Decl. Ex. 13 at p. 4; Ex. 14 at pp. 5 and 9; and Ex. 15 at p. 38 (Defendants' Preliminary Invalidity Contentions, Ex. I; Ex. L; and Ex. EE, respectively).

 The documentary references to the other eight alleged "systems" vary, but the outcome of the analysis is the same for each: no person of ordinary skill in the art could make, use, and practice the invention as set forth in Airbiquity's patent claims based on these documentary references to the Systems. Even if the Systems could qualify as potential "prior art" references under 35 U.S.C. § 102 based on their respective dates of use, publication, or disclosure, they are not enabling and therefore cannot constitute prior art capable of rendering any of the claims of the patents-in-suit invalid. Accordingly, Airbiquity is entitled to partial summary judgment on this independent basis.

 **C.** **None Of The Systems Anticipates Any Of Airbiquity's Patent Claims**

 To anticipate a claim, a *single* prior art reference must contain each and every claim element. *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996); *see also Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1379 (Fed. Cir. 1986) ("It is axiomatic that for prior art to anticipate under §102 it has to meet every element of the claimed invention[.]"); *Advanced Display Systems Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) ("invalidity by anticipation requires that the four corners of a single, prior art

AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING "SYSTEMS" (NO. 2:08-CV-00094-TSZ) - 13

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation.").

Because 35 U.S.C. § 102 requires that a *single* prior art reference disclose each and every element of the claim at issue, "the requisite degree of identity is rarely found." *Phillips Petroleum Co. v. U.S. Steel Corp.*, 673 F. Supp. 1278, 1288 (D. Del. 1987), *aff'd*, 865 F.2d 1247 (Fed. Cir. 1989) (denying request for declaration of patent invalidity based on anticipation). These well-established legal requirements are reflected in the Court's order that Defendants provide a claim chart "that identifies where *in each piece of prior art each element of each asserted claim* is found[.]" Dkt. #51 at p. 3 (emphasis added) (Minute Order Setting Trial and Related Dates). The evidence disclosed in Defendants' claim chart is insufficient to meet the clear and convincing burden of proof on this issue.

Not one of the Systems is referenced with respect to any individual element of any one of Airbiquity's patent claims in the attached claim charts. Instead, Defendants grouped together all of the elements and referenced each of the Systems as anticipating the claim as a whole. *See* Meiklejohn Decl., Ex. 10 at pp. 27-30; Ex. 11 at pp. 10-13; and Ex. 12 at pp. 32-35. This does not comply with the Court's Order, and it is deficient under applicable law.

Defendants have not—and cannot—demonstrate how any one of the Systems anticipates each element of any one of these claims. Accordingly, Defendants cannot meet their burden of proof, and Airbiquity is entitled to partial summary judgment on this independent basis.

## V.   **CONCLUSION**

By providing a "claim chart" for the Systems that simply groups the claim elements together in one column, and then groups the various documentary references for the various Systems in another column, without any explanation of where in any of these documents any one element of any of Airbiquity's claims is anticipated, Defendants have failed to comply with

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

the Court's Order and have tried to shift the burden of explanation to Airbiquity. Airbiquity should not be required to guess at the basis for Defendants' "systems" invalidity contentions. Under the Court's order, and well-established principles of patent law, *Defendants* are required to provide this information to Airbiquity and the Court, to the extent it exists. Here, Defendants cannot provide a claim chart explaining how the Systems anticipate Airbiquity's patent claims because the alleged Systems *do not* anticipate Airbiquity's patent claims. Accordingly, Airbiquity respectfully requests that the Court grant Airbiquity's motion for partial summary judgment that the Systems do not anticipate Airbiquity's patent claims. Airbiquity is entitled to this relief as a matter of law, and granting it will simplify this case and reduce the number of issues that will have to be resolved at trial.

Respectfully submitted this 15th day of June 2009.

DORSEY & WHITNEY LLP


*/s/ Douglas F. Stewart*
Paul T. Meiklejohn, WSBA No. 17477
Douglas F. Stewart, WSBA No. 34068
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: (206) 903-8800

Attorneys for Plaintiff Airbiquity Inc.

AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING "SYSTEMS" (NO. 2:08-CV-00094-TSZ) - 15

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
(206) 903-8800

**CERTIFICATE OF SERVICE**

I, Douglas F. Stewart certify that on June 15, 2009, the foregoing AIRBIQUITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANTS' CONTENTIONS THAT VARIOUS "SYSTEMS" ANTICIPATE THE CLAIMS AT ISSUE, the DECLARATION OF DOUGLAS STEWART in support of same, and the [PROPOSED] ORDER for same were electronically filed with the Clerk of the Court using the CM/ECF system and thereby served on counsel for Defendants AT&T MOBILITY LLC, NEW CINGULAR WIRELESS SERVICES, INC., and  NEW CINGULAR WIRELESS PCS LLC via ECF-generated e-mail and notification.

DATED this 15th day of June 2009.

*/s/ Douglas F. Stewart*
Douglas F. Stewart

**DORSEY & WHITNEY LLP**
U.S. BANK CITY CENTRE BUILDING
1420 FIFTH AVENUE,  SUITE 3400
SEATTLE, WASHINGTON  98101
(206) 903-8800